# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50100
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE RAMIREZ LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-284-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Noe Ramirez Lopez (Ramirez) pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326. The district court imposed a sentence of 84 months of imprisonment, which was within the applicable sentencing guidelines range. On appeal, Ramirez challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50100

We review the substantive reasonableness of the sentence imposed on Ramirez under an abuse of discretion standard.[1]  A sentence imposed within the guidelines range is entitled to a presumption of reasonableness.[2]  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."[3]

On appeal, Ramirez contends that his sentence is unreasonable because he is less culpable than the ordinary immigration offender given his cultural assimilation to the United States.  The record shows that the district court received Ramirez's statements and his counsel's arguments on cultural assimilation.  The district court also stated that it considered Ramirez's criminal history and the factors outlined in Section 3553(a) when determining his sentence; in particular, the need for deterrence, protection of the public, and the need to avoid sentencing disparities.  Although Ramirez urges that the district court erred by assigning insufficient weight to his cultural assimilation, his disagreement with the district court's weighing of the Section 3553(a) factors is insufficient to rebut the presumption of reasonableness we accord to a sentence imposed within the guidelines range.[4]

---

[1] *Gall v. United States,* 552 U.S. 38, 49-51 (2007); *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006).

[2] Ramirez contends that his sentence is not subject to the presumption of reasonableness attached to sentences imposed within the guidelines range because the applicable guidelines range – U.S.S.G. § 2L1.2 – is not empirically based.  He concedes, however, that this argument is foreclosed by our precedent.  *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir. 2008).

[3] *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

[4] *See id.*

No. 14-50100

AFFIRMED.